IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE     * MDL Docket No. 2004
                                4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS *
                                Case Nos.
LIABILITY LITIGATION          * 4:13-cv-127 (Stelling)

_____

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Ramona Stelling was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Mrs. Stelling brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Mrs. Stelling also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Her husband Fred brought a loss of consortium claim. Mentor seeks summary judgment on the Stellings' claims, contending that they are time-barred. For the reasons set forth below, Mentor's summary judgment motion (ECF No. 44 in 4:13-cv-127) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

On November 8, 2004, Dr. Robert Mairs implanted Mrs. Stelling with ObTape to treat her stress urinary incontinence. Mrs. Stelling did not know which kind of sling Dr. Mairs implanted in her, and she did not receive or rely on any information from Mentor regarding ObTape. Mrs. Stelling developed malodorous vaginal discharge, and in January 2005 she consulted with Dr. Mairs about her symptoms. By May 2005, Dr. Mairs was concerned that Mrs. Stelling's sling had become exposed, and he recommended exploratory surgery. Mrs. Stelling told Dr. Mairs that she wanted the sling removed because she understood it was causing her discharge symptoms. On May 27, 2005, Dr. Mairs performed surgery on Mrs. Stelling, found an extrusion of her ObTape, and removed the eroded portions of her

2

sling.   He told Mrs. Stelling that he had removed the eroded portions of her ObTape; she was disappointed because she wanted him to remove the entire sling.   All of Mrs. Stelling's treatment from Dr. Mairs occurred in Oregon.

Mrs. Stelling's symptoms continued, and she sought treatment from Dr. Derke Sypherd in Idaho.   Dr. Sypherd recommended complete removal of the sling "because it was just going to keep rotting."  Stelling Dep. 79:17-19, ECF No. 44-5 in 4:13-cv-127.   Dr. Sypherd removed the remainder of Mrs. Stelling's ObTape in November 2005.   After the removal surgery, Mrs. Stelling's discharge and odor symptoms went away, although she contends she continues to experience symptoms she attributes to ObTape.

The Stellings are Idaho residents.   Mrs. Stelling's ObTape implant procedure and her first excision procedure took place in Oregon.   Mrs. Stelling's subsequent treatment took place in Idaho.   Mrs. Stelling asserts claims for negligence, strict liability – design defect; strict liability – manufacturing defect; strict liability – failure to warn; breach of express warranty; breach of implied warranty; fraudulent concealment; constructive fraud; discovery rule, tolling, and fraudulent concealment; negligent misrepresentation; negligent infliction of emotional distress; violation of consumer protection laws; gross negligence; unjust enrichment; and punitive damages.   Mr.

Stelling asserts a loss of consortium claim. Mrs. Stelling did not respond to Mentor's summary judgment motion on her "consumer protection laws" claim, and the Court finds that she implicitly conceded that Mentor is entitled to summary judgment on that claim. Accordingly, the Court grants Mentor's summary judgment motion as to that claim.[1]

DISCUSSION

The Stellings filed their action on April 4, 2013 by filing a short form complaint in *In Re: Coloplast Corp. Pelvic Support System Products Liability Litigation*, MDL No.2387. The Stellings stated that the proper venue for their action is the U.S. District Court for the District of Idaho. Compl., ECF No. 1 in 4:13-cv-127. The Judicial Panel on Multidistrict Litigation transferred the action to this Court for pretrial proceedings.

**I.   Idaho Law Applies to Plaintiffs' Claims**

The parties agree that Idaho's choice-of-law rules apply. Mentor argues that under these rules, Idaho law applies to the Stellings' claims. The Stellings argue that Oregon law applies. "Idaho applies the 'most significant relation test' as set forth in the Restatement (Second) of Conflict of Laws § 145 in determining the applicable law." *Grover v. Isom*, 53 P.3d 821,

---

[1] Even if Mrs. Stelling had not conceded this claim, Mentor would be entitled to summary judgment for the same reasons it is entitled to summary judgment on her other claims.

823-24 (Idaho 2002). The following four considerations are taken into account: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* (quoting *Seubert Excavators, Inc. v. Anderson Logging Co.*, 889 P.2d 82, 85 (Idaho 1995)). The "most important" consideration is "the place where the injury occurred." *Id.* (quoting *Seubert Excavators*, 889 P.2d at 85).

Here, Mrs. Stelling's injury occurred in Idaho, where she lives and where her symptoms arose.[2] The conduct causing the injury occurred in California and Minnesota, where ObTape was manufactured and where key decisions about ObTape's design and warnings were made, and in Oregon, where Mrs. Stelling's ObTape was sold to her doctor. Mrs. Stelling is an Idaho resident, and Mentor is a New Jersey corporation that has had significant operations in California and Minnesota. There was no direct relationship between Mrs. Stelling and Mentor, but Mrs. Stelling's doctor recommended ObTape and implanted it in Oregon. In summary, two of the factors-place of injury and residence of

---

[2] Mrs. Stelling argues that her injury occurred in Oregon because that is where her ObTape was implanted and where she received some medical treatment related to ObTape. These facts relate, however, relate to the place where the conduct causing the injury occurred and the place where the relationship between the parties is centered.

the plaintiff-weigh in favor of applying Idaho law, while two factors-place of conduct and center of relationship-weigh in favor of applying Oregon law.   As discussed above, the most important consideration is the place where the injury occurred. Here, that is Idaho.   The Court will therefore apply Idaho law.[3]

## II.   Plaintiffs' Personal Injury Claims are Time-Barred

Under Idaho law, a product liability claim must be brought within two years "from the time the cause of action accrued." Idaho Code § 6-1403(3).   A cause of action for any injury to the person (including warranty claims) must also be brought within two years after it accrues unless "the fact of damage" has been "fraudulently and knowingly concealed from the injured party," in which case the cause of action "shall be deemed to accrue when the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the condition or matter complained of" and must be commenced within one year of

---

[3] The Court notes that the Stellings' claims would also be barred under Oregon law, which has a two-year statute of limitations that applies to all product liability civil action claims, regardless of the theory.   *Simonsen v. Ford Motor Co.*, 102 P.3d 710, 721 (Or. Ct. App. 2004).   Under that statute, "a product liability civil action for personal injury or property damage must be commenced not later than two years after the plaintiff discovers, or reasonably should have discovered, the personal injury or property damage and the causal relationship between the injury or damage and the product." Or. Rev. Stat.   30.905(1).   Here, Mrs. Stelling knew of (or had enough information to know of) a connection between ObTape and at least some of her injuries by November 2005, when her sling was removed and her discharge and odor symptoms were resolved.   The Stellings did not bring their action within two years, so their claims are time-barred under Oregon law.

accrual. Idaho Code § 5-219(4). And an unjust enrichment claim must be brought within four years. Idaho Code § 5-217.

Idaho does not have a discovery rule except in cases "involving a foreign object unintentionally left in the body or fraudulent concealment." *Theriault v. A.H. Robins Co.*, 108 Idaho 303, 305, 698 P.2d 365, 367 (1985); *accord Stuard v. Jorgenson*, 249 P.3d 1156, 1161 (Idaho 2011) ("To allow for accrual to begin only once the parties have been put on notice of the damage, or in other words, once the damage is actually 'ascertained' would effectively create a discovery rule, which the legislature has rejected."). In most cases, a cause of action accrues when "some damage" that is caused by the defendant's act or omission occurs. *Id.; accord Davis v. Moran*, 735 P.2d 1014, 1019-20 (Idaho 1987) (finding a factual dispute on when the plaintiff's physical injury due to radiation exposure occurred). Thus, unless the fraudulent concealment exception applies, Mrs. Stelling's cause of action accrued in 2005, when her sling eroded, caused her discharge and odor symptoms, and had to be removed. At that time, Mrs. Stelling had sustained some damage related to the ObTape that was objectively ascertainable.

Mrs. Stelling argues that the fraudulent concealment exception applies and that her claims did not accrue until 2011 when she saw a television commercial regarding mesh

complications.   But the fraudulent concealment exception does not apply here.   The exception only applies "when the fact of damage has, for the purpose of escaping responsibility therefor, been fraudulently and knowingly concealed from the injured party."   Idaho Code Ann. § 5-219(4).   Here, there is no evidence that Mentor concealed "the fact of damage" from Mrs. Stelling or made any false representations to Mrs. Stelling that lulled her into inaction.   *See Theriault v. A.H. Robins Co.*, 698 P.2d 365, 369 (Idaho 1985) (concluding that fraudulent concealment exception did not apply because there was no evidence of fraudulent concealment; the plaintiff was on notice of a connection between her intrauterine device and her injuries more than two years before she filed suit).

Mrs. Stelling's was aware of the "fact of damage" by November 2005, when Mrs. Stelling and her doctors connected at least some of her injuries to ObTape.   The doctors recommended removal of the ObTape, and Mrs. Stelling wanted the ObTape removed.   After the ObTape removal in November 2005, Mrs. Stelling's discharge and odor symptoms went away, suggesting that they had been caused by the ObTape.   For all of these reasons, Mrs. Stelling sustained some damage related to the ObTape that was objectively ascertainable by November 2005, and her cause of action accrued then.   She did not bring her tort claims within two years or her unjust enrichment claims within

four years, so her claims are all time-barred.  Mr. Stelling's loss of consortium claim fails because Mrs. Stelling's claims fail. *Runcorn v. Shearer Lumber Prods., Inc.*, 690 P.2d 324, 329 (Idaho 1984) ("The claim for loss of consortium is a wholly derivative cause of action contingent upon a third party's tortious injury to a spouse.").

CONCLUSION

As discussed above, Mentor's summary judgment motion (ECF No. 44 in 4:13-cv-127) is granted.


IT IS SO ORDERED, this 19th day of April, 2016.

s/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA